

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 5, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1073

Re: Taxability for inheritance
tax purposes of bequests
to be expended by the
Foreign Mission Board of
Southern Baptist Convention
of Richmond, Virginia, for
the support of foreign
missions.

Dear Mr. Calvert:

We quote the following excerpt from your letter requesting
the opinion of this office on the above captioned matter:

"J. W. Kimbrough died testate a resident of
Dallas County on April 28, 1959. Paragraph 4, Section
B, of the decedent's will reads as follows:

"'B. One-third thereof shall be given to the
Baptist Foundation of Texas as an endowment fund to be
known as the J. W. and Utie Kimbrough Memorial Fund,
the net income therefrom to be paid annually, or at
such shorter intervals as may be deemed expedient by
the said Baptist Foundation of Texas, to the Foreign
Mission Board of the Southern Baptist Convention,
Richmond, Virginia, for the support of foreign
missions.'

"The tax on the above bequest was assessed by
this Department on August 25, 1960, in the amount of
$1,573.17, and at the end of the ninety-day period
for paying the tax before a penalty accrues, the
attorneys for the estate remitted all the tax assessed
against this estate except the above sum assessed
against the Foreign Mission Board of the Southern
Baptist Convention and furnished us with a commitment
wherein the Foreign Mission Board irrevocably commit-
ted this bequest for use exclusively in the State of
Texas.

"It appears to us that the Foreign Mission Board has violated the terms of the will when making this commitment, for the will specifically states that the bequest is for the support of foreign missions. Furthermore, the Foreign Mission Board waited until the assessment was made before they took any action to commit the funds for use in the State of Texas.

"In view of the above, please advise whether or not this bequest is exempt or taxable as provided in Article 14.06."

Article 14.06, Taxation General, is a re-codification of Article 7122, Vernon's Civil Statutes. The pertinent parts of Article 7122, which was in effect at the date of the death of the decedent in this case, read as follows:

"If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Chapter 29 of the General Laws of the Second Called Session of the 38th Legislature, the tax shall be:

". . . .

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States, or to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this State. The exemption from the tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise or gift to or for the use of the United States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State."

The fact that the Foreign Mission Board of the Southern Baptist Convention did not commit the bequest for use exclusively in Texas until after the tax was <u>assessed</u> is immaterial, as the statute quoted above only requires the commitment to be made "prior to the <u>payment</u> of the tax," which was done.

We cannot presume that the Foreign Mission Board of the Southern Baptist Convention has expended, intends to expend, or will expend, the bequest or any part thereof for any purpose other than "for the support of foreign missions" and thereby violate the trust as provided in the will. Foreign missions could be supported by the expenditure of funds in Texas and other states in various ways, for example: (a) paying the salaries and travel expenses of foreign missionaries while they are home on furlough, (b) furnishing a dormitory, tuition and other expenses of these furloughed missionaries while they are attending the Southern Baptist Theological Seminary at Fort Worth for further training in their foreign missionary work, (c) paying (in Texas) the travel expense of foreign missionaries to their foreign fields, (d) purchasing household furnishings for foreign missionaries and medicines, medical equipment and supplies to be sent to foreign mission fields, (e) paying the salaries and travel expenses of field helpers in Texas who devote all their time to supporting foreign missions, and (f) buying literature and publishing literature in the Board's own publishing house at El Paso for distribution in foreign mission fields.

We are advised that the Foreign Mission Board of the Southern Baptist Convention has, since its organization, expended part of its funds in Texas to pay for the items listed above, as well as many others--all of which are in "support of foreign missions". We certainly cannot presume that such an organization would expend the funds in question for uses other than "the support of foreign missions", which is the sole purpose of its existence as well as the direct mandate of the will.

Therefore, it is our conclusion that the Mission Board of the Southern Baptist Convention has complied with tax-exemption provisions of the statute by committing the bequest "for use exclusively within the state of Texas" prior to the payment of the tax on such bequest, and that there is no basis for challenge of the Board's power to make such commitment of the funds under the language of the will above discussed.

S U M M A R Y

Where bequest "for support of foreign missions" was unequivocably committed for use exclusively within this State prior to payment of tax and where the beneficiary expends funds in Texas in support of its foreign mission program, such beneficiary would have power under the terms of the bequest to make such commitment and thereby render the bequest exempt from taxation under the provisions of Article 7122, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Ralph R. Rash
Ralph R. Rash
Assistant

RRR:dd

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

L. P. Lollar
Joe Osborn
Arthur Sandlin
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt